IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GODO KAISHA IP BRIDGE 1, <br><br> Plaintiff, <br><br> v. <br><br> XILINX, INC., <br><br> Defendant. | Case No. _____ <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Godo Kaisha IP Bridge 1 ("Plaintiff" or "IP Bridge") files this Original Complaint for Patent Infringement ("Complaint") against Defendant Xilinx, Inc. ("Defendant" or "Xilinx"). Plaintiff alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for infringement of U.S. Patent No. 7,893,501 (the "'501 patent"), and U.S. Patent No. 7,265,450 (the "'450 Patent").

2. IP Bridge is a Japanese corporation having a principal address of c/o Sakura Sogo Jimusho, 1-11 Kanda Jimbocho, Chiyoda-ku, Tokyo 101-0051 Japan.

3. Xilinx, Inc. is a Delaware corporation with its principal place of business located at 2100 Logic Drive, San Jose, California 95154. Xilinx maintains a substantial presence in this State through its regional sales office located at 5801 Tennyson Parkway, Suite 460, Plano, Texas 75024. Xilinx can be served via its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Upon information and belief, Xilinx is registered with the Texas Secretary of State to conduct business in Texas and has been since at

least June 8, 1990. Xilinx conducts business operations within the Eastern District of Texas through its facilities in Plano, Texas.

## JURISDICTION AND VENUE

4.      This action arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*., including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This is a patent infringement lawsuit, over which this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has general and specific personal jurisdiction over Defendant because it is present in and transacts and conducts business in and with residents of this District and the State of Texas. IP Bridge's causes of action arise, at least in part, from Defendant's contacts with and activities in this State and this District. In addition, upon information and belief, Defendant has committed acts of infringement within this District and this State by, *inter alia*, making, selling, offering for sale, importing, and/or using products that infringe one or more claims of the patents-in-suit.  Defendant, directly and/or through intermediaries, uses, sells, ships, distributes, offers for sale, and/or advertises or otherwise promotes products in this State and this District. Defendant regularly conducts and solicits business in, engages in other persistent courses of conduct in, and/or derives substantial revenue from goods and services provided to residents of this State and this judicial District.

6.      Upon information and belief, Defendant has purposefully and voluntarily placed one or more infringing products into the stream of commerce with the expectation that they will be purchased and/or used by residents of this District and/or incorporated into downstream products purchased by consumers in this District, including by directly or indirectly working with subsidiaries, distributors, and other entities located within this District and this State .

7. Defendant maintains highly interactive and commercial websites, accessible to residents of Texas and this judicial District, through which Defendant promotes its products and services, including products that infringe the patents-in-suit.

8. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) for at least the reasons set forth above.

## COUNT ONE: INFRINGEMENT OF U.S. PATENT NO. 7,893,501

9. IP Bridge adopts and restates the allegations in paragraphs 1-8 as if fully set forth herein.

10. On February 22, 2011, the United States Patent and Trademark Office issued the '501 Patent, "Semiconductor Device Including MISFET Having Internal Stress Film" A true and correct copy of the '501 Patent is attached hereto as <u>Exhibit A</u>.

11. By assignment, Plaintiff owns the entire right, title, and interest in and to the '501 patent, including the right to sue and recover damages, including damages for past infringement.

12. Defendant has had knowledge of the '501 patent no later than September 21, 2016—the date on which the parties met and Plaintiff IP Bridge provided specific notice that Defendant was practicing the '501 patent.

13. The '501 patent is valid and enforceable.

14. Defendant has at no time, either expressly or impliedly, been licensed under the '501 patent.

15. Upon information and belief, Defendant has been and now is directly, literally under 35 U.S.C. § 271(a), and/or equivalently under the doctrine of equivalents, infringing the '501 patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of one or more claims of the '501

patent including, but not limited to, the Kintex-7 28nm FPGA family of programmable integrated circuits, and devices that perform substantially the same function in substantially the same way to achieve substantially the same result (the "FPGA devices"). Upon information and belief, all Xilinx devices employing Xilinx's 28nm technology, including the FPGA devices noted above, infringe the '501 patent because each accused Xilinx product and device comprises a MISFET with all additional elements recited in at least claims 1, 5-7, 10, 11, 15-19, 21, and 23-25 of the '501 patent. In particular, each accused Xilinx product's and device's circuit includes an active region made of a semiconductor substrate, a gate-insulating film formed on the active region, a gate electrode formed on the gate-insulating film, source/drain regions formed in regions of the active region located on both sides of the gate electrode, a silicon nitride film formed over from side surfaces of the gate electrode to upper surfaces of the source/drain regions wherein the silicon nitride film is not formed on an upper surface of the gate electrode and the gate electrode protrudes upward from a surface level of parts of the silicon nitride film located at both side surface of the gate electrode. As an example, Xilinx's infringement of at least claim 1 of the '501 patent by the Kintex-7 28nm FPGA is illustrated in the charts attached hereto as Exhibit B.

16. Since no later than the date upon which it first learned of the '501 patent, Defendant has induced, and is continuing to actively and knowingly induce, with specific intent, infringement of the '501 patent by its customers under 35 U.S.C. § 271(b). Defendant further has contributed to the infringement of the '501 patent under 35 U.S.C. § 271(c), by making, using, offering for sale, selling, and/or importing image sensors. Defendant encourages and facilitates infringing sales and uses of image sensors through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and/or technical materials to

manufacturers and/or distributors. Defendant contributes to infringement by others, including manufacturers, distributors, resellers, and end users, knowing that its FPGA devices constitute a material part of the inventions of the '501 patent, knowing those FPGA devices to be especially made or adapted to infringe the '501 patent, and knowing that those FPGA devices are not staple articles or commodities of commerce suitable for substantial non-infringing use. Defendant knew, or should have known, that its encouragement would result in infringement of at least one claim of the '501 patent.

17. Defendant has and is continuing to willfully infringe the '501 patent by, at minimum, continuing to engage in infringing activities after Plaintiff notified Defendant of Defendant's infringement. For that reason, Defendant has acted despite an objectively high likelihood that its actions constituted infringement of a valid patent and such objective risk of infringement was known to Defendant or so obvious that Defendant should have known it.

## COUNT TWO: INFRINGEMENT OF U.S. PATENT NO. 7,265,450

18. IP Bridge restates the allegations in paragraphs 1-8 as if fully set forth herein.

19. On September 4, 2007, the United States Patent and Trademark Office issued the '450 Patent, "Semiconductor Device and Method for Fabricating the Same." A true and correct copy of the '450 Patent is attached hereto as Exhibit C.

20. By assignment, Plaintiff owns the entire right, title, and interest in and to the '450 Patent, including the right to sue and recover damages, including damages for past infringement.

21. Defendant has had knowledge of the '450 patent no later than September 21, 2016—the date on which the parties met and Plaintiff IP Bridge provided specific notice that Defendant was practicing the '450 patent.

22. The '450 Patent is valid and enforceable.

23.     Defendant has at no time, either expressly or impliedly, been licensed under the '450 patent.

24.     Upon information and belief, Defendant has been and now is directly, literally under 35 U.S.C. § 271(a), and/or equivalently under the doctrine of equivalents, infringing the '450 patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of one or more claims of the '450 patent including, but not limited to, the Kintex-7 28nm FPGA and Virtex-6 40nm FPGA device families of programmable semiconductors and devices that perform substantially the same function in substantially the same way to achieve substantially the same result (the "FPGA device families"). Upon information and belief, all Xilinx devices employing Xilinx's 28nm technology and all devices employing the 40nm technology, including the FPGA devices noted above, infringe the '450 patent because each accused Xilinx product and device is a semiconductor comprising a substrate, a first interlayer dielectric film provided on the substrate, a first interconnect provided within the first interconnect groove with convex or concave portions at least at one of its side surfaces and bottom surface, a second interlayer dielectric film provided over the first interlayer dielectric film and the first interconnect, and a first plug that passes through the second interlayer dielectric film and comes into contact with a part of the first interconnect and any and all additional elements recited in at least claims 1, 2, 3, 8, 10, 11, 13 and 14 of the '450 patent.  As an example, Xilinx's infringement of at least claim 1 of the '450 patent by the Kintex-7 28nm FPGA is illustrated in the charts attached hereto as Exhibit D.

25.     Since no later than the date upon which it first learned of the '450 patent, Defendant has induced, and is continuing to actively and knowingly induce, with specific intent, infringement of the '450 patent by its customers under 35 U.S.C. § 271(b). Defendant further has

contributed to the infringement of the '450 patent under 35 U.S.C. § 271(c), by making, using, offering for sale, selling, and/or importing image sensors. Defendant encourages and facilitates infringing sales and uses of image sensors through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and/or technical materials to manufacturers and/or distributors. Defendant contributes to infringement by others, including manufacturers, distributors, resellers, and end users, knowing that its FPGA device families constitute a material part of the inventions of the '450 patent, knowing those FPGA device families to be especially made or adapted to infringe the '450 patent, and knowing that those FPGA device families are not staple articles or commodities of commerce suitable for substantial non-infringing use. Defendant knew, or should have known, that its encouragement would result in infringement of at least one claim of the '450 patent.

26. Defendant has and is continuing to willfully infringe the '450 patent by, at minimum, continuing to engage in infringing activities after Plaintiff notified Defendant of Defendant's infringement. For that reason, Defendant has acted despite an objectively high likelihood that its actions constituted infringement of a valid patent and such objective risk of infringement was known to Defendant or so obvious that Defendant should have known it.

## **PRAYER FOR RELIEF**

Plaintiff prays for the following relief:

A. A judgment that Xilinx has infringed and continues to infringe the '501 and '450 patents;

B. A judgment and order requiring the Xilinx to pay IP Bridge damages under 35 U.S.C. § 284, including treble damages for willful infringement as provided by 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement up until entry of the final judgment with an accounting as needed;

C. A judgment and order requiring Xilinx to pay IP Bridge pre-judgment and post-judgment interest on the damages awarded;

D. A judgment and order finding this to be an exceptional case and requiring Xilinx to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285;

E. A permanent injunction against Xilinx's direct infringement, active inducements of infringement, and/or contributory infringement of the '501 and '450 patents, as well as against each of Xilinx's agents, employees, representatives, successors, and assigns, and those acting in privity or in concert with Xilinx;

F. In the event a final injunction is not awarded, a compulsory on-going royalty; and

G. Such other and further relief as the Court deems just and equitable.

DATED: February 1, 2017

_____

Michael W. Shore, Texas Bar No. 18294915
Lead Attorney
mshore@shorechan.com
Alfonso Garcia Chan, Texas Bar No. 24012408
achan@shorechan.com
Jennifer M. Rynell, Texas Bar No. 24033025
jrynell@shorechan.com
Christopher L. Evans, Texas Bar No.24058901
cevans@shorechan.com
Russell DePalma, Texas Bar No.00795318
redepalma@shorechan.com
Ari Rafilson, Texas Bar No. 24060465
arafilson@shorechan.com
Andrew M. Howard, Texas Bar No. 24059973
ahoward@shorechan.com

SHORE CHAN DePUMPO LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Telephone: 214-593-9110
Facsimile: 214-593-9111

Hiromasa Ohashi\*
ohashi@ohashiandhorn.com
Jeff J. Horn Jr., Texas Bar No. 24027234
horn@ohashiandhorn.com
Cody A. Kachel, Texas Bar No. 24049526
ckachel@ohashiandhorn.com
OHASHI & HORN LLP
325 North Saint Paul Street, Suite 4400
Dallas, Texas 75201
Telephone: 214-743-4170
Facsimile: 214-743-4179
**Attorneys for Plaintiff  Godo Kaisha IP Bridge 1**

\*Motion for *pro hac vice* admission to be filed